UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
ZHONGSAI XU,

                        Plaintiff,          **MEMORANDUM AND ORDER**
                                            22-CV-3539 (KAM)(LB)

        -against-


UNITED STATES DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT and CARLOS, *Queens
B'nai B'rith House Dev Manager*,

                        Defendants.
--------------------------------------X

**MATSUMOTO, United States District Judge:**

        On May 25, 2022, *pro se* Plaintiff, Zhongsai Xu ("Xu"
or "Plaintiff") commenced this action against the United States
Department of Housing and Urban Development ("HUD") and the
Development Manager of Queens B'nai B'rith House ("BBH"), who
Plaintiff refers to as "Carlos."[1]  In his Complaint, Plaintiff
alleged that Defendant Carlos and Defendant HUD (together,
"Defendants") either effectuated or failed to address an
increase in his monthly rent, which he contends is a violation
of his right to due process under the Fifth Amendment of the
United States Constitution and a violation of a national policy,
pursuant to Section 202 of the U.S. Housing Act of 1959, 12
U.S.C. § 1701q, which purportedly limits rental payments by

---

[1] Defendant Carlos's surname is Marrero.  (ECF No. 18, Notice of Appearance by
Jeffrey C. Chancas on behalf of Defendant Carlos.)  The Court will refer to
this Defendant as Carlos or Marrero.

1

residents of "elderly housing" to one-third of their monthly income.  Plaintiff seeks relief in the form of a reduction in his rent.

On February 17, 2023, Defendant HUD moved to dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Defendant HUD alleges that Plaintiff failed to establish standing because there is no causal connection between Plaintiff's injury and HUD, that Plaintiff failed to identify a relevant waiver of sovereign immunity as to HUD, and that Plaintiff failed to state a claim against HUD.  Defendant HUD also contends that Plaintiff failed to properly serve HUD, pursuant to Fed. R. Civ. P. 4.  By order dated April 6, 2023, the Court referred Defendant HUD's motion to dismiss to Magistrate Judge Lois Bloom for a report and recommendation, pursuant to 28 U.S.C. § 636(b).

Presently before the Court is the Report and Recommendation issued on July 20, 2023 by Magistrate Judge Bloom, recommending that this Court dismiss Plaintiff's claims against Defendant HUD for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  (ECF No. 33, the "R&R".) Magistrate Judge Bloom also recommended that the Court dismiss Plaintiff's claims against Defendant Carlos, *sua sponte*, for lack of subject matter jurisdiction.  (R&R at 13.)  Also before the Court are Plaintiff's timely objections to the R&R (ECF Nos.

2

34, "July 24, 2023 Ptf. Obj."; 35, "August 2, 2023 Ptf. Obj.";
and 36, "August 4, 2023 Ptf. Obj."; all together, "Plaintiff's
Objections") and Defendant HUD's Response to Plaintiff's
Objections (ECF No. 38, "Defs. Resp.")  Defendant Carlos has not
filed any response to Plaintiff's Objections, nor has Carlos
otherwise responded to Plaintiff's Complaint.  For the reasons
stated below, upon *de novo* review, the Court respectfully
overrules Plaintiff's Objections, adopts and affirms Magistrate
Judge Bloom's R&R in its entirety, and accordingly, orders that
Plaintiff's claims against Defendants be dismissed without
prejudice.

## BACKGROUND

The Court assumes the parties' familiarity with the
extensive facts thoroughly recounted in the R&R.  *See* (R&R at 1
- 5.)  The Court has reviewed the facts *de novo* and adapts the
detailed facts from the R&R.

## LEGAL STANDARD

In considering the recommendations of a Magistrate
Judge, as outlined in an R&R, the Court may "accept, reject, or
modify the recommended disposition; receive further evidence; or
return the matter to the Magistrate with instructions."  Fed. R.
Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).  When a party
makes a timely objection to an R&R, the Court must review *de*

*novo* those recommendations in the R&R to which the party objects. *See* Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, even "on *de novo* review, [a district court] will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the Magistrate Judge in the first instance." *Haynes v. Quality Markets*, No. 02-CV-0250, 2003 WL 23610575, at *3 (E.D.N.Y. Sept. 22, 2003).

As to the portions of the R&R to which no party objects, the Court "need only satisfy itself that there is no clear error on the face of the record." *Galvez v. Aspen Corp.*, 967 F. Supp. 2d 615, 617 (E.D.N.Y. 2013) (internal quotation marks and citations omitted). If "the [objecting] party makes only frivolous, conclusory or general objections, or simply reiterates [his] original arguments, the Court reviews the report and recommendation only for clear error." *Velez v. DNF Assocs., LLC*, No. 19-CV-11138, 2020 WL 6946513, at *2 (S.D.N.Y. Nov. 25, 2020) (internal citations omitted). Furthermore, where the objections are "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review [the R&R] for clear error" only. *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014)

(quoting *Silva v. Peninsular Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)).

The Court finds that Plaintiff's Objections are of a general nature and largely restate his previously articulated arguments, which triggers the Court's review of the R&R for clear error.  Objections that are "conclusory or general objections, or simply reiterate[] [the objecting party's] original arguments" require only clear error review.  *Barratt v. Joie*, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).  Nevertheless, because the Court must construe pro se complaints liberally and interpret the Complaint to raise the strongest arguments that they suggest, *Meadows v. United Servs.*, Inc., 963 F.3d 240, 243 (2d Cir. 2020), the Court applies both clear error and *de novo* review to Plaintiff's Objections.

## DISCUSSION

### I.   Plaintiff's Claims Against Defendant HUD

#### A. Article III Standing

Article III of the U.S. Constitution confers jurisdiction over only "cases" or "controversies" to federal courts.  U.S. Const. art. III, § 2.  This limitation on "the judicial power of the federal courts" requires that plaintiffs have standing to bring their claims.  *Bronx Household of Faith v. Board of Educ. of City of New York*, 492 F.3d 89, 110 (2d Cir.

2007) ("Article III of the Constitution limits [] judicial power
. . . to the adjudication of 'cases' and 'controversies.'
Aspects of this generalized limitation are classified in terms
of whether a plaintiff has standing"); see *also* (R&R at 8)
("[i]f a plaintiff lacks standing to bring their claims, a
federal court is deprived of subject-matter jurisdiction to
adjudicate those claims") (internal citations omitted).  A
plaintiff has standing to bring suit where they "satisf[y]
Article III's requirements of injury-in-fact, causation and
redressability."  *Keepers, Inc. v. City of Milford*, 807 F.3d 24,
42 (2d Cir. 2015).

In her meticulously reasoned R&R, Magistrate Judge
Bloom found that Plaintiff failed to demonstrate either
causation or redressability, and that Plaintiff's Complaint
should therefore be dismissed for lack of subject matter
jurisdiction.  The Court construes Plaintiff's Objections, which
largely focus on the relationship between Defendant HUD and
Defendant Carlos, to oppose Magistrate Judge Bloom's findings
with respect to the causation element of Article III standing.
The Court therefore reviews the R&R's standing analysis *de novo*,
and addresses injury-in-fact, causation, and redressability in
turn.

### i.   Injury-in-fact

Plaintiff's alleged injury is the March 2019 rental increase from approximately $688 per month to approximately $1,521 per month.  (R&R at 2) (citing Compl. at 8, 14.) "Injury-in-fact is a 'low threshold'" that requires only a showing of "'a legally protected interest . . . that is concrete and particularized[.]'"  *Dennis v. JPMorgan Chase & Co.*, 343 F. Supp. 3d 122, 154 (S.D.N.Y. 2018).  Plaintiff claims his alleged injury, the rental increase, constitutes a violation of the "national policy that the residents of the elderly housing use one-third of their income that month to pay rent[.]"  (Compl. at 12.)  Plaintiff points to "Section 202 of the Housing Act of 1959" as the source of this alleged "national policy," which supports his assertion of a legally protected interest in reduced rent.  At the motion to dismiss stage, virtually any "identifiable trifle is enough for standing to fight out a question of principle" as it relates to an alleged injury-in-fact.  *Citizens for Responsibility and Ethics in Washington v. Trump*, 939 F.3d 131, 143 (2d Cir. 2019) (internal quotation marks and citations omitted).  The Court therefore finds that Plaintiff has alleged an injury-in-fact.

### ii.  Causation

As to the cause of Plaintiff's alleged injury, Magistrate Judge Bloom found that Plaintiff failed to "demonstrate a causal nexus between the defendant's conduct and

7

the injury" alleged, (R&R at 8) (quoting *Rothstein v. UBS AG*,
708 F.3d 82, 91 (2d Cir. 2013)) because "plaintiff does not
assert any facts establishing a contractual or legally
cognizable relationship between himself and HUD."  (R&R at 9.)

        In Plaintiff's Objections, he asserts that "[t]he real
estate department[2] has a certain responsibility for supervision
and inspection" and points to the fact that "[t]he document to
be signed by [Plaintiff] [to certify his income] was a form
uniformly issued in the name of the real estate department" as
evidence of Defendant HUD's involvement in the allegedly illegal
rent increase.  (July 24, 2023 Ptf. Obj. at 1.)  Plaintiff,
however, contradicts his own allegations that "the Ministry of
Housing" is the "mastermind behind the scenes" and worked with
others to commit the "joint crime, gang crime and organized
crime" of "defrauding the money of a 65-year-old man," (Aug. 4,
2023 Ptf. Obj at 1) by repeatedly asserting that Defendant HUD
may not have had knowledge of or any direct involvement in the
rental increase.  (July 25, 2023 Ptf. Obj. at 1) ("it may [be
the case that] the real estate department has no direct legal
responsibility"); (*Id*) ("I can withdraw the lawsuit against the
real estate department); (Aug. 4, 2023 Ptf. Obj. at 1) ("[i]f we

---

[2] Throughout Plaintiff's Objections, Plaintiff refers to Defendant HUD as the
"real estate department," the "Ministry of Housing," and the "Ministry of
Real Estate," which may relate to translation issues.  For the purposes of
this Memorandum and Order, the Court assumes all references to any of these
entities are meant to refer to Defendant HUD.

improperly listed the real estate department as the defendant,
the court could have given technical help.")

As noted in the R&R, even construing Plaintiff's
pleadings liberally, Plaintiff fails to point to any facts
supporting his conclusion that Defendant HUD was involved in or
responsible for the rental increase.  *See Drimal v. Tai*, 786
F.3d 219, 223 (2d Cir. 2015) ("[c]ourts are not bound to accept
as true a legal conclusion couched as a factual allegation . . .
[the motion to dismiss standard] demands more than an unadorned,
the defendant-unlawfully-harmed-me accusation") (internal
citations omitted).

Indeed, Plaintiff cannot provide any facts supporting
his assertion that Defendant HUD was involved in his rental
increase, either directly or indirectly, because Defendant HUD
"plays no role in determining plaintiff's rent and [] since
2012, [the Queens B'nai B'rith Housing Development Fund Company,
Inc. ("HDFC"), not HUD,] has been exclusively responsible for
annually certifying plaintiff's income and calculating
plaintiff's rent[.]"  (R&R at 9) (citing ECF No. 29-1, "Mot. to
Dismiss" at 8.)  Under the "Section 202 Use Agreement, HDFC [not
Defendant HUD] promised to maintain BBH . . . [and] assumed
responsibility for determining the appropriate rent for each
tenant, working with tenants to certify their income . . . and
collect[] rent."  (R&R at 3 – 4) (citing ECF No. 29-2, "Gioia

Decl." ¶¶ 3 – 8; ECF No. 29-3, Gioia Decl. Ex. A, Section 202
Use Agreement.)[3]

Dismissal is appropriate where "it appears beyond
doubt that the plaintiff can prove no set of facts which would
entitle him [] to relief." *Chambers v. Time Warner, Inc.*, 282
F.3d 147, 152 (2d Cir. 2002) (citing *Sweet v. Sheahan*, 235 F.3d
80, 83 (2d Cir. 2000)).  In light of the fact that non-party
HDFC, not Defendant HUD, is solely responsible for calculating
and collecting Plaintiff's rent, the fact that Plaintiff was
asked to sign an income verification form bearing the HUD seal
does not support Plaintiff's conclusion that Defendant HUD was
responsible for, or otherwise involved in, the rental increase.
Plaintiff has not shown that his injury "result[ed] directly [or
indirectly] from the defendant's actions[.]"  *Bronx Household of
Faith v. Board of Educ. of City of New York*, 492 F.3d 89, 111
(2d Cir. 2007) (citing *United States v. Richardson*, 418 U.S.
166, 179 – 80 (1974)).  The Court, therefore, finds that
Plaintiff has failed to demonstrate that his rental increase was
even "*possibly* fairly traceable" to Defendant HUD's direct or
indirect actions.  *Hoeffner v. D'Amato*, 605 F. Supp. 3d 467, 476

---

[3] "In deciding a Rule 12(b)(1) motion, the court may also rely on evidence
outside the complaint." *Cortlandt Street Recovery Cop. V. Hellas
Telecommunications, S.a.r.l.*, 790 F.3d 411, 417 (2d Cir. 2015) (internal
citations omitted).  The Court, therefore, considers the declaration of Louis
J. Gioia, and the attached exhibits, which were submitted in support of
Defendant HUD's motion to dismiss, because they shed light on the process by
which Plaintiff's rent is calculated and collected.

(2d Cir. 2022).  Where Plaintiff's injury is "the result of the independent action of some third party not before this Court—in this case, HDFC," causation is lacking and Article III standing cannot be established.  (R&R at 9) (internal citations omitted).

### iii. Redressability

With respect to redressability, on *de novo* review, the Court agrees with Magistrate Judge Bloom's conclusion that Plaintiff fails to establish that "the relief requested, would in principle, redress the alleged injury."  (R&R at 8 – 9) (internal citations omitted).  Plaintiff "request[s] [that] the court according to the statutory provisions, [issue a] judgment [setting Plaintiff's rent] according to [his] income 1/3 charge rent[.]"  (Compl. at 8.)  Because Defendant HUD has "no role in determining [P]laintiff's rent," (R&R at 9) (citing Mot. to Dismiss at 8) the relief Plaintiff seeks, a decrease in his monthly rent, cannot be afforded to him by a decision of this Court against Defendant HUD.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571 (1992) ("redress of the only injury in fact respondents complain of requires action . . . by [non-parties] and any relief the District Court could have provided in this suit . . . was not likely to produce that action.")  Plaintiff fails to establish redressability and, accordingly, "[t]here is no standing."  *Id*.

In reviewing, *de novo*, the parties' submissions, Plaintiff's Objections, Defendant HUD's Response, and the R&R, the Court agrees with Magistrate Judge Bloom's finding that Plaintiff fails to "allege any conduct by HUD that could be [] traceable to plaintiff's alleged injury," and further fails to allege that "the injury will likely be redressed by a favorable decision" from this Court.  (R&R at 8 - 9.)  Plaintiff is not entitled to "try the case," (Aug. 2, 2023 Ptf. Obj at 3) precisely because of this finding that he lacks standing. Plaintiff's claims do not "meet the standing requirement of Article III," and his claims must, therefore, be dismissed for lack of subject matter jurisdiction.  (R&R at 9.)

**B. Sovereign Immunity**

Although a court "need not [] determine[]" or address other grounds for dismissal if the court finds that it lacks subject matter jurisdiction, Magistrate Judge Bloom also found that Plaintiff failed "to demonstrate that HUD waived its immunity as a sovereign entity."  (R&R at 10) ("[e]ven if plaintiff had demonstrated standing . . . plaintiff fails to identify any [] statutory basis for a waiver of HUD's sovereign immunity [and] HUD cannot waive immunity through its actions unless expressly authorized by Congress.")

In challenging the alleged finding within the R&R that "'the court has no power to sue the government'" as "too broad,

12

too huge and too profound," (Aug. 2, 2023 Ptf Obj. at 2)
Plaintiff presumably references Magistrate Judge Bloom's legally
sound conclusion that "'the United States may not be sued
without its consent'" and that "[a] waiver of sovereign immunity
. . . 'must be unequivocally expressed' in the statue's text" in
order to demonstrate the requisite consent.  (R&R at 10.)
Accordingly, the Court liberally construes Plaintiff's objection
to Magistrate Judge Bloom's conclusion that Plaintiff failed to
articulate a sovereign immunity waiver that would permit his
claims against Defendant HUD, and also reviews the section of
the R&R pertaining to sovereign immunity *de novo*.

        First, Plaintiff is advised that federal courts are
not authorized to bring suit against any party, including the
government.  The Court only has power to hear and adjudicate
"'cases' and 'controversies'" brought by the parties. *Bronx
Household of Faith v. Board of Educ. of City of New York*, 492
F.3d 89, 110 (2d Cir. 2007).  Plaintiff questions the purported
contradiction between the Court's ability to "accept[] a case"
and inability to "try the case" or "hear[] [the same] case."
(Aug. 2, 2023 Ptf. Obj. at 3.)  However "amorphous [the]
concept[]" of Article III standing [is]," Plaintiff "must allege
personal injury fairly traceable to the defendant's allegedly
unlawful conduct [that is] likely to be redressed by the
requested relief," and, in the case that the Defendant is the

13

United States government, there must be a "statute expressly waiving the sovereign immunity of the United States [or else] the court lacks subject matter jurisdiction to adjudicate the claim." *Tucker v. U.S.*, No. 96-CV-6039, 1998 WL 708923, at *1 (E.D.N.Y. Jul. 6, 1998).  The fact that Plaintiff was able to file a Complaint and was instructed to effect service upon Defendants does not mean the Court "accept[ed]" and has jurisdiction to adjudicate his claims.  (Aug. 2, 2023 Ptf. Obj. at 3.)  By the same token, the Court did not "suddenly lose[] the power" to hear this case.  (*Id.*)  As noted by Magistrate Judge Bloom, "[f]ailure of subject matter jurisdiction . . . may be raised at any time by a party or by the court *sua sponte*.  If subject matter jurisdiction is lacking, the action *must* be dismissed."  (R&R at 6) (citing *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 – 01 (2d Cir. 2000).

Second, Plaintiff's objection that "the Ministry of Housing actually participated in and manipulated this case" and that he was "instructed [] to mail the complaint materials to the Ministry of Justice and the Ministry of Procuratorate, which triggered a campaign of word encirclement and suppression by the Ministry of Housing," (Aug. 2, 2023 Ptf. Obj at 3) are not responsive to Magistrate Judge Bloom's "particular findings" regarding Defendant HUD's sovereign immunity.  *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 54 (S.D.N.Y. 2009) (a party's

14

"objections must be specific and clearly aimed at particular findings in the magistrate judge's proposal") (internal citations omitted).  As discussed earlier, Plaintiff's allegations regarding Defendant HUD's involvement in effectuating his rental increase, directly or indirectly, do not meet the causation element of the Article III standing requirement, much less demonstrate an "unequivocally express" waiver of sovereign immunity within "[any] statute's text." (R&R at 11) (citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)).

  Plaintiff has not pointed to any statute evincing an intent by Congress to waive Defendant HUD's immunity from this suit.  None of the authorities that Plaintiff discusses in the Complaint, in his opposition to Defendant's motion to dismiss, or in Plaintiff's Objections to the R&R include any reference to a waiver of sovereign immunity.  A review of Section 202 of the Housing Act of 1959, the Housing Equity Act, "Article 77", (Aug. 4, 2023 Ptf Obj. at 2) the New York City Senior Citizen Rent Increase Exemption program ("SCRIE"), and the New York State Attorney General's Office Guide to the Rights of Residential Tenants reveals no explicit waiver of HUD's sovereign immunity. Additionally, "a waiver of sovereign immunity must be consented to by Congress . . . in [a] statute's text."  (R&R at 10 - 11) (citing *Dept' of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260

(1999)).  The New York State Attorney General Office Guide and
the New York City SCRIE program, neither of which are statutes
authorized by Congress, cannot constitute a waiver of HUD's
immunity.  Plaintiff states that "after studying for a long
time, [he] came to the conclusion that [he has] no right to sue
the government."  (Aug. 2, 2023 Ptf. Obj. at 3.)  As it relates
to Plaintiff's claims and under the factual circumstances
alleged, Plaintiff is correct.  Absent an explicit statutory
waiver of sovereign immunity, "the United States, as sovereign,
is immune from suit." *Cooke v. United States*, 918 F.3d 77, 81
(2d Cir. 2019) (internal citations omitted).  Plaintiff has
failed to point to any statute waiving Defendant HUD's sovereign
immunity.  Nor could he.  No such statutory waiver applicable to
Plaintiff's claims under the factual circumstances alleged
exists.

## II.  Plaintiff's Claims Against Defendant Carlos

With respect to Defendant Carlos, Magistrate Judge
Bloom found that "plaintiff's claims . . . [also] have no basis
in the law, and therefore plaintiff has no standing to assert
his claims against Carlos[.]"  (R&R at 13.)  Plaintiff failed to
"point to any statute by which Congress intended to confer
standing to bring his individual claims . . . [and] [e]ven
construing the complaint liberally, the Court cannot find any

federal statutory basis for plaintiff's claims against Carlos."
(R&R at 14.)

Plaintiff alleges that "Marrero pretends to be a
government department, dresses himself up as a staff member of
the government department, and keeps claiming that he is a
senior employee of the government department."  (Aug. 2, 2023
Ptf. Obj. at 2.)  Plaintiff further alleges that "Marrero
illegally took false administrative actions . . . and forced me
to fill in the contents such as 'I must pay the rent for the
elderly at the market price'" and that "Marrero is ignorant . .
. [and] is always in a state of knowledge poverty[.]"  (*Id.*)

Plaintiff's allegations regarding Defendant Carlos's
intelligence and his disregard for or violation of "national
policy" largely reflect the same allegations made in opposition
to Defendant's motion to dismiss, which were reviewed and
rejected by Magistrate Judge Bloom in the R&R.  *See generally*
(R&R at 13 – 15); see also *Thomas v. Astrue*, 674 F. Supp. 2d
507, 511 (S.D.N.Y. 2009) ("if [the opposing] party makes only
conclusory or general objections, or simply reiterates his
original arguments, the Court reviews the [R&R] only for clear
error . . . [because parties] are not to be afforded a second
bite at the apple") (internal quotation marks and citations
omitted).  To the extent Plaintiff raises new claims of criminal
perjury or otherwise, such claims are not permitted at this

17

stage, and are without merit. *See Official Committee of Unsecured Creditors of Exeter Holding, Ltd. V. Haltman*, No. 13-CV-5475, 2020 WL 2832192, at *2 (E.D.N.Y. Jun. 1, 2020) ("[e]ven in a *de novo* review of a party's specific objections, the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance'") (internal citations omitted); see *also Lawyers' Committee for 9/11 Inquiry, Inc. v. Garland*, 43 F.4th 276, 284 (2d Cir. 2022) ("initiat[ing] a federal prosecution 'is an executive function within the exclusive prerogative of the Attorney General' and the U.S. Attorneys" such that a "private person[] cannot use [criminal prosecution]" or an allegation of criminal perjury "for their own purposes") (internal citations omitted).

### III. Plaintiff's Remaining Claims

Plaintiff's Objections, even liberally construed, do not appear to oppose, or even reference, Magistrate Judge Bloom's findings in the R&R regarding his due process claims and his claim of *non bis in idem*.  Nor do Plaintiff's Objections reference Magistrate Judge Bloom's finding that "plaintiff did not properly serve defendants under Federal Rule of Civil Procedure 4."  (R&R at 15, n. 19)  Accordingly, the Court finds that, in light of Magistrate Judge Bloom's thorough and well-reasoned conclusions and upon careful review, there is no clear

error in Magistrate Judge Bloom's reasoning and conclusion that neither Plaintiff's due process rights, nor his constitutional protection against double jeopardy, have been violated by the Defendants, and that Plaintiff has failed to properly serve the Defendants pursuant to Fed. R. Civ. P. 4.

<u>**CONCLUSION**</u>

For the forgoing reasons, the Court adopts and affirms the well-reasoned and thorough R&R issued by Magistrate Judge Bloom in its entirety.  The Court orders that Defendant HUD's motion to dismiss the Complaint be **GRANTED** and that the Complaint be **DISMISSED**, *sua sponte*, as to Defendant Carlos.

Although the Court is mindful that Plaintiff is *pro se* and that "courts should freely give leave [to amend] when justice so requires," (Fed. R. Civ. P. 15(a)(2)) the Court denies Plaintiff leave to amend because any amendment would be futile, in light of the absence of subject matter jurisdiction. Plaintiff's Complaint is accordingly **DISMISSED** in its entirety.

The Clerk of Court is respectfully requested to enter judgment in favor of the Defendants, as set forth in Magistrate Judge Bloom's R&R, and to close the case.  Counsel for Defendant HUD is respectfully requested to serve a copy of this Memorandum and Order and the Judgement upon Plaintiff, and to file proof of

service within two (2) business days after the Clerk of Court

enters judgment.

**SO ORDERED.**

Dated: September 6, 2023
      Brooklyn, New York

                                        _____
                                        KIYO A. MATSUMOTO
                                        United States District Judge
                                        Eastern District of New York